## JOE H. SMALLEY v. STATE.

No. A-9954.   July 1, 1942.

(127 P. 2d 869.)

Hal Johnson and Glen O. Morris, both of Oklahoma City, and Van H. Albertson, of Shawnee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., and Phil E. Daugherty, Asst. Co. Atty., both of Oklahoma City, for defendant in error.

JONES, J. The defendant, Joe H. Smalley, was charged by indictment, presented and filed in the district court of Oklahoma county, along with one Tom Waldrep, with unlawfully selling an appointment to a subordinate position in a public office. The case was transferred to the common pleas court of Oklahoma county, a severance was granted, the defendant Smalley was tried, convicted, and sentenced to serve one year in the county jail of Oklahoma county and pay a fine of $1,000, from which judgment and sentence an appeal has been taken to this court.

It will not be necessary in this opinion to detail the facts introduced on behalf of the state to sustain the conviction, as no question has been raised in the brief of defendant filed herein questioning the sufficiency of the evidence. The facts in the instant case are similar to the facts introduced in the case of Waldrep v. State, 74

Okla. Cr. 428, 127 P. 2d 860, decided on this date. For a full statement of the facts reference is made to that opinion.

Counsel for defendant have confined their argument to the single proposition that the indictment fails to state facts sufficient to constitute a public offense, for the reason that the statute under which the indictment was drawn is not applicable to the defendant, who was a private individual and not in a position where he could procure or make appointments to public offices, and said statute was not intended and did not have any relation to the acts and conduct of private citizens.

The statute in question reads:

"Every person who, directly or indirectly, asks or receives or promises to receive any gratuity or reward, or any promise of a gratuity or reward for appointing another person or procuring for another person an appointment to any public office or any clerkship, deputation or other subordinate position in any public office, is punishable by imprisonment in the county jail not less than six months nor more than one year, or by a fine not less than two hundred dollars nor more than one thousand dollars, or both." 21 O. S. 1941, § 274, sec. 2474, O. S. 1931.

It is urged that, since the indictment does not charge that defendant was an officer or another person having the power to appoint or employ deputies, clerks or subordinate employees in any public office of the state and does not specifically charge any act performed by defendant which could be the efficient and moving cause of procuring any subordinate position for any person, the same is fatally defective. The indictment, omitting formal parts, reads as follows:

"* * * in the name and by the authority of said State of Oklahoma, do present and find that in said Coun-

ty of Oklahoma, in said State of Oklahoma, on or about the 1 day of May in the year of our Lord, One Thousand Nine Hundred, and Thirty-seven, in Oklahoma County, State of Oklahoma, Tom Waldrep and Joe H. Smalley, whose more full and correct names are to the Grand Jurors unknown, and while acting conjointly and together, then and there being, did then and there wilfully, unlawfully, wrongfully, intentionally and knowingly receive from one, J. T. Smith and Coy Smith, a gratuity in the sum of $350.00, good and lawful money of the United States of America, for procuring for the said Coy Smith an appointment to a subordinate position in a public office of the State of Oklahoma, to-wit; in the Highway Department of said State of Oklahoma, at a salary in such cases made and approved, and against the peace and dignity of the State of Oklahoma."

The statute herein involved was adopted by the territorial Legislature from the Dakota Code. Both counsel for the state and defendant assert that they have been unable to find in any of the reports any case in which said section has been construed.

It appears from a reading of this statute that the Legislature has defined the public policy of this state to be that no person shall procure or attempt to procure, for a consideration, the appointment of another person to any public office. The Legislature wisely concluded that a high standard of efficiency in our state government could only be maintained if jobs at the state house were not placed on the auction block. The placing of persons in public office who have paid a monetary consideration to receive their appointment is an inducement to graft and breeds corruption in our public affairs.

The language of the statute in question could hardly have been made more plain than that which is used. The term "every person" certainly is broad enough to include private citizens as well as public officials.

We have another statutory provision, section 1907, O. S. 1931, 21 O. S. 1941 § 382, which applies specifically to cases where public officials corruptly accept a gift or gratuity to make a nomination or appointment to a public office.

If the defendant had been a public official, he could have been prosecuted under section 1907, O. S. 1931, supra, or the misdemeanor statute, section 2474, O. S. 1931, supra, under which the indictment herein was presented. The one statute (bribery of public officials) is a felony statute, and the other makes such a crime only a misdemeanor.

The indictment herein is sufficient in form to advise the defendant of the nature of the offense for which he is to stand trial and to enable him to prepare his defense. It follows the language of the statute which is sufficient. The chief objection directed to the indictment is that the statute itself will not authorize the prosecution of a private individual. Holding, as we do, that the statute does include all persons, whether they be public officials who actually make the appointment or private citizens who might act as middle men in the handling of the payment for the procuring of the job, the indictment is sufficient.

We have carefully read the record and the proof overwhelmingly sustains the allegations of the indictment. The defendant did not testify. He was given the maximum punishment authorized under the statute. It is our conclusion that the law will be sufficiently vindicated and the ends of justice met by a modification of the punishment imposed, by reducing the sentence of imprisonment in the county jail from one year to six months.

It is therefore ordered that the judgment and sentence of the court of common pleas of Oklahoma county

be reduced from one year in the county jail and a fine of $1,000 to six months in the county jail and a fine of $1,000, and the judgment and sentence as thus modified is affirmed.

DOYLE, J., concurs. BAREFOOT, P. J., not participating.